McKinney, J.,
delivered the opinion of the Court.
The judgment must be reversed. It is clearly proved, that in the difficulty between Yett and Brooks,- the former struck the first blow with a yardstick, and repeated it two or three times. If previously assaulted by Brooks, as the weight of the proof seems to establish, *231 the assault was only with bis hand, or fist; no weapon being used by Brooks at the time, or until after he received the blows with the yard-stick, as it would seem.
Upon this proof, it cannot be affirmed that Yett was blameless in the eye of the law. We are not prepared to admit that the use of the yard-sticic was justifiable, in resisting an assault made by one who, at the time, was unarmed. But be this as it may, it would seem, from the proof, as set forth in the record before us, that Yett fought toillingly; and both, we think, were guilty of an affray. There is nothing in the proof to show that Yett might not easily, and with safety to himself, have avoided the difficulty, by retreating, and refusing to enter into the quarrel and fight. Clearly, there existed no such inevitable necessity, as would be sufficient to excuse the defendant for putting out the eye of plaintiff, though wholly innocent of any such intention.
The act of engaging in the fight with Brooks being ittdaigfvL, the defendant would be liable in damages for an injury inflicted by him on a third person during the fight, though no such injury may have been intended; provided, such third person had not, by his own improper conduct, brought the injury upon himself, by officiously and improperly intruding himself in the way of danger.
The case is one of no very strong merits, perhaps, on the part of the plaintiff. He was the brother in-law of Brooks, and if present at the time the blows with the yard-stick were inflicted by defendant on Brooks, (about which fact there is a direct conflict in the proof,) his attitude, at the time, was at least equivocal, from the proof. He was standing in contact with Brooks, as *232 stated on the one side, and it is not shown that he attempted to suppress the affray. If he placed himself in that condition for any unlawful or improper purpose, the law would leave him to suffer the consequences; and even if no such purpose was entertained, still, if he recklessly and unnecessarily placed himself in a situation which necessarily, in some degree, exposed him to injury, it was his own folly, and in such case he would be without remedy: See 2 Greenleaf, sec. 94; Whirly vs. Whitemore, 1 Head’s Report, 610.
The plea of son assault dómense was wholly inappropriate to the case, as presented in the record before us. But where that plea is properly pleaded, together with the plea of not guilty, the latter plea puts the plaintiff upon proof of every material allegation in the declaration, as the Court properly held.
Upon a charge free from exceptions, the verdict might be supported upon the evidence in this record, on the ground, first, of the conflict in the proof, as to whether the plaintiff was, in fact, present in the house where the affray commenced; and, secondly, that if he were present, he may have voluntarily and improperly, or, it may be, unlawfully, placed himself in danger of an accidental and unintentional injury.
But, from the charge, the jury may have been misled into the conclusion that the act of violence towards Brooks, under the circumstances, was lawful, and possibly this may have been so upon the facts, as proved on the trial; but we think it is not so, upon the meagre and unsatisfactory statement of the proof in this record.
And on this latter ground, alone, we feel constrained to reverse the judgment.